## City of Carthage v. Robert Carlton.

1. INTOXICATING LIQUORS—*Power of Cities to Except Physicians.*— Cities incorporated under the laws of this State have the power to except a physician from the penalty of an ordinance prohibiting the sale of intoxicating liquors, who uses it in good faith in his practice as a medicine. The legislature has delegated to cities and villages the right to license, regulate and prohibit the sale of intoxicating liquors, and although physicians are not expressly named as exempt, the right to exempt them in the legitimate practice of their profession is included within the general power conferred.

2. STATUTES—*Discrimination Which Will Render an Ordinance or Statute Void.*—A discrimination which will render an ordinance or statute void must be between persons coming within the same class.

Debt, for a penalty. Appeal from the Circuit Court of Hancock County; the Hon. GEORGE W. THOMPSON, Judge, presiding. Heard in this court at the May term, 1901. Reversed and remanded. Opinion filed December 10, 1901.

ALVA A. KELLEY, city attorney, DAVID E. MACK and BERRY, McCRORY & KELLEY, attorneys for appellant.

TRUMAN PLANTZ and WILLIAM H. HARTZELL, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

This is an action for debt brought by the appellant against the appellee to recover a penalty for an alleged violation of section 1 of an ordinance of said city, entitled " An act to regulate, suppress and prohibit the selling, bartering, exchanging or giving away of vinous, malt, fermented, spirituous and intoxicating liquors within the city, and for other purposes therein named." Section 1 is as follows:

" Section 1. Be it ordained by the city council of the city of Carthage, that it shall be unlawful for any person or persons to sell, barter, exchange or give away within said city, in a less quantity than five gallons, any brandy, whisky, rum, gin, wine, ale, beer, cider or other vinous, malt, fermented, spirituous or intoxicating liquor, or any beverage or drink in which any of the aforesaid liquor is

mixed or contained; and any person or persons so offending shall, upon conviction thereof, be fined in the sum of ten dollars for each and every offense."

Appellee claims that this section of the ordinance is made invalid by section 10 of the same ordinance. This was the question before the Circuit Court, where the section was, by that court, held to be invalid, and a verdict against the city returned under a peremptory instruction.

Section 10 is as follows:

" Section 10. None of the provisions of this ordinance shall apply to any person duly licensed by the authorities of said city to dispose of said liquors, when disposing of the same in conformity with the conditions, regulations and requirements of the ordinances of the city in that behalf; nor shall any prosecution be had, under this ordinance, against any practicing physician who shall, in good faith, sell or dispose of, to his patients, any of said liquors for medical purposes; provided, he shall place a label upon the bottle or vessel containing the liquor, giving the date, also the name of the patient, and directions for its use, and shall sign the same. And the fine above provided shall not be applicable to any person who shall sell or dispose of cider for the use and consumption of any person at his private residence or in his family for culinary purposes, nor to any person who shall, in good faith, give away of said liquors, at his place of residence, by what is commonly known as treating a friend. The regulations in this section contained for permission to physicians to sell or dispose of said liquors for medical purposes, is declared to apply as well where any of said liquors are prescribed without any other ingredient, mixture or substance added; also where the liquor is prescribed with some ingredients, mixtures or substance to be added. A failure to observe any or either of the requirements aforesaid, shall be held to be an evasion of this ordinance, and subject the offender to the fines and penalties aforesaid."

There are no questions of fact involved and but one question of law, viz.: Is section 1 of the ordinance valid? It is contended that section 1 of the ordinance, when considered in connection with section 10, is invalid, because it makes unjust discrimination in that it imposes a penalty upon one person for doing an act from which it exempts others.

Paragraph 46 of section 1, article 5, chapter 24 of the Revised Statutes, expressly gives to cities and villages the power to regulate by ordinance the sale of intoxicating liquors within corporate boundaries. There can be no doubt of the validity of section 1 of the ordinance in question when considered alone. But it is claimed that it is rendered invalid by the provisions contained in section 10, which exempts from prosecution and fine practicing physicians who shall, in good faith, sell or dispose of intoxicating liquors to their patients for medical purposes, and persons who shall sell or dispose of cider for the use and consumption of any person at his private residence or in his family for culinary purposes.

It is contended, first, that the legislature has conferred no power on a city to except physicians from the operation of an ordinance prohibiting the sale of intoxicating liquor; second, that the exception made in section 10 creates an unjust discrimination.

If the first contention were true, it would seem more logical to hold that the exception is void, and that physicians are amenable to the general inhibition contained in the ordinance, than to hold that the exception renders the entire ordinance void. It is well settled that a section of an ordinance containing an invalid provision does not necessarily render the entire ordinance void. But, as we view it, a city has the power to except a physician who, in good faith, uses in his practice intoxicating liquors as a medicine. The legislature has delegated to cities and villages the right to license, regulate and prohibit the sale of intoxicating liquors, and although physicians are not expressly named as exempt, the right to exempt them while in the legitimate practice of their profession is included within the general power conferred.

Does the exception contained in section 10 create an unjust discrimination? A discrimination that will render an ordinance or a statute void must be a discrimination between persons coming within the same class. It must be observed that the exception does not permit a physician to

City of Carthage v. Carlton.

traffic in intoxicating liquors in the sense that a merchant or saloon keeper sells his goods. It only allows him to sell and use it as a medicine when the needs of a patient require it.

Within the sense and meaning of section 10, he does not belong to the same class with appellee or any other person who engages in the general traffic of liquor. He belongs' to a class educated, trained and licensed to alleviate pain, restore health, and to exercise his judgment in the use of drugs and stimulants upon patients. The ordinance does not allow him to sell *ad libitum*. He is restricted to its sale in good faith. Good faith requires him to sell and use it in his practice only as a medicine to a patient that he is treating. No doubt he would be amenable to the provisions of section 1 if he sold it other than as a medicine to a patient, and in good faith.

We do not regard the case chiefly relied on by counsel for appellee, (Wright v. The People, etc., 101 Ill. 126,) as being in point. Wright was indicted and convicted for selling intoxicating liquor without a license. He was a regular druggist and set up that he sold the liquor in good faith for medicinal purposes and therefore did not come within the provisions of the dram-shop act. The Supreme Court held that it was no defense. There was no question of discriminating by ordinance involved.

It is also argued that section 10 renders section 1 void because a discrimination in favor of persons selling cider is made. It is plain that no discrimination between persons is made by the regulation concerning cider. One man has the same right to engage in the manufacture and sale of cider that another has, and under the ordinance there is nothing prohibiting any one from selling it for culinary purposes. In that regard all the citizens of Carthage stand upon the same footing. Conceding that cider at a certain stage is intoxicating, then the most that can be said of this exception is that it is a discrimination between liquors. It will hardly be contended that a city may not discriminate between different kinds of liquor.

We are of the opinion that the Circuit Court erred in holding the ordinance void and in directing a verdict against the city. The judgment will therefore be reversed and the cause remanded.